## METCALF *versus* TAYLOR & *al*.

A written contract is to be construed, and the meaning of the parties ascertained from an examination of all its parts. If some part appear at variance from another, the construction must be such as to harmonize the whole.

The payment and acceptance of the price of a vessel are sufficient to complete the sale, as between the seller and the purchaser, without any bill of sale or other written instrument.

Of the construction of an instrument, whether it constitutes a mortgage, or a contingent sale, or a contract to sell.

ON REPORT from *Nisi Prius*, SHEPLEY, C. J., presiding.

ASSUMPSIT for labor and materials furnished in finishing the top work of a vessel alleged to be owned by the defendants. Shuman and Cox, two of the defendants, were defaulted; Taylor and Brown, the other two defendants, resisted the claim upon the ground that, at the time when the labor and materials were furnished, they had not *such* ownership of the vessel as rendered them liable to the action.

It appeared that Shuman and Cox had erected the vessel, and had nearly completed the hull on the 19th Oct., 1848. Upon that day a written contract was made concerning the vessel, signed by all the four defendants, Shuman, Cox, Taylor and Brown, as follows: —

" Whereas, Jacob L. Shuman and Hirah C. Cox, both of Damariscotta and State of Maine, owners and builders of an unfinished vessel now on the stocks, built by them the present season, and which they agree to finish and fit ready for sea with all reasonable dispatch, and with all the necessary appurtenances as is customary for such a class vessel, have granted, bargained and sold unto Isaac Taylor of Boston, Merchant, and Charles Brown of Eastham, Mariner, both of the State of Massachusetts, one third part of said vessel, for and in consideration of one dollar, the receipt whereof is hereby acknowledged.

" The condition of this agreement is, that the said Taylor and Brown shall pay or cause to be paid unto the said Shuman and Cox the sum of three thousand dollars, (one-half in cash and one-half in six months notes with interest,) when the said vessel shall have been launched five days and clear of lien claims. And the said Shuman and Cox shall, on the payment of said sum of three thousand dollars, make and convey a clear bill of sale of one third part of said vessel. And it is further agreed that the said Brown is to sail and command the said vessel for the term of six months, his term of service to commence when the said vessel is ready to receive her rigging, for which he is to receive seventy-five dollars per month.

" And it is further agreed that the said Taylor is to be the vessel's husband, when she is ready for sea, and for which he is to receive the usual rate of commissions, and at the end of the six months he shall render a true, full and complete account of the earnings of said vessel, and pay over the balance (after paying her disbursements) unto the said Shuman and Cox, they, the said Shuman and Cox, causing the said earnings to be applied to the payment of her outfits until they shall be paid. And it is further understood that the said Shuman and Cox shall keep the said vessel fully insured. But be it expressly understood and agreed, that at any time within the said six months, the said Shuman and Cox are at liberty to pay back the said sum of three thousand dollars, and the said Taylor and Brown shall re-convey, upon the payment of

such sum the said one-third part of said vessel, as the said Shuman and Cox shall direct, and then this instrument to be null and void, otherwise to remain in full force for the space of six months from this date. Dated Damariscotta, the nineteenth day of October, eighteen hundred and forty-eight."

It appeared that one Horace Hatch had brought an action against these same defendants for services and materials on the vessel similar to those furnished by the plaintiff. On the trial of that action, many witnesses were examined, whose testimony was reported; and the above recited contract was there introduced.

The parties in this suit agree that the testimony in that case is to be taken as testimony in this case, it being admitted that the plaintiff's labor and materials were supplied "for the vessel's top work after the three thousand dollars were paid by the defendants."

The case was taken from the jury, and judgment is to be entered by the Court, according to the legal rights of the parties.

The facts, as derived from the testimony, upon which the Court acted, will appear in the opinion.

*Gould,* for the plaintiff.

*M. H. Smith,* for the defendants Taylor and Brown.

The plaintiff does not pretend any express contract between himself and Taylor or Brown, but relies on their ownership in the vessel. But if they were owners in any respect, they were but mortgagees, and as such not liable. *Winslow v. Tarbox,* 18 Maine, 132. The only evidence is the contract of October 19, 1848. But that constituted neither a sale, nor a mortgage. It was only a contract not under seal, to mortgage to Taylor and Brown one third of the bark at some future day and on certain conditions; or, if it be a mortgage, by the terms of it, the mortgagees, Taylor and Brown, had no right to possession as mortgagees, until the vessel was ready for sea, which would not be until after the plaintiff's work was done. By the contract Shuman and Cox were to finish and fit her ready for sea with all the necessary appurtenances. She could not be ready for sea with

all the necessary appurtenances, until after the plaintiff's work was done. By the contract, Taylor was to be vessel's husband " when she is ready for sea."

And further, neither Taylor or Brown has ever taken possession under said contract as mortgagees.

The contracts not being a mortgage but only an agreement to mortgage, not under seal, the payment of the $3000 by Taylor and Brown would not constitute it a mortgage, nor by this act, subsequent to the execution and delivery of the contract, can this contract be made a mortgage, not being so when delivered.

SHEPLEY, C. J.   By a written agreement made between the parties, this case is submitted to the decision of the Court upon the testimony reported in the case of Horace Hatch against the same defendants, and upon an admission that the materials and work " were delivered for the vessel's top work after the three thousand dollars were paid by the defendants." By defendants the parties doubtless meant Taylor and Brown, for they were to make the payment to the other defendants, Shuman and Cox, who were to receive it, and who had suffered a default to be entered.

The plaintiff having testified as a witness in the case of *Hatch* v. *Taylor et als.*, that testimony by the agreement becomes evidence in his own case.   He states, that he made his charges to the vessel and owners, and " did it (the work) on that credit," and that it was not performed at the request of Taylor or Brown.   They first became connected with the vessel by a contract made with the other defendants on October 19, 1848.   The meaning of the parties is to be ascertained from an examination of the whole instrument, and if one part of it be found at variance with another, it must receive such a construction that the whole may operate harmoniously together.

It was an executory contract, providing for a future purchase and sale of one third part of the vessel, and not a contract, by which that part was then purchased and sold, either absolutely or conditionally, or in mortgage.   Taylor and Brown were to

. pay the three thousand dollars when the vessel had been launched five days, and was clear of all lien claims. If those events should never happen, they would not be obliged to pay. The vessel before then might have been conveyed to others by Shuman and Cox, or have been attached and held as their property. If she had been lost by fire or otherwise, the loss must have been borne by them. If Taylor and Brown should fail to pay, they were under no obligation to convey to them. No part of the vessel could have been attached and held as the property of Taylor or Brown. Neither of them could · have conveyed any part; nor had either any insurable interest in her.

A different construction might have subjected Shuman and Cox to a loss of one-third of the vessel, if Taylor and Brown had proved to be unable to pay : and might have subjected Taylor and Brown to a like loss, if the vessel had been wholly appropriated to the satisfaction of lien claims and they had been compelled to pay the three thousand dollars. The acknowledgment of one dollar received as a consideration is perceived to be no more than a formal declaration to make the contract valid. Although the language used is " have granted, bargained and sold," it cannot, consistently with the clear intention of the parties and with other language used by them, be considered as having any other meaning than an agreement to do so. The effect of the contract is an agreement to purchase and to sell and convey at a future time and upon the happening of future events. Upon such future sale being completed, certain other rights were secured by the contract to each party. It was not to become *functus officio* and null upon such sale and purchase of the property. It would continue to be valid to secure to Brown the right to command the vessel, and to Taylor the right to be her ship's husband for six months; and to secure to Shuman and Cox the right to require an account of her earnings and a right to regain the title by repayment of the price within the six months.

Upon payment of the three thousand dollars according to the contract after the vessel had been launched and had re-

Metcalf *v.* Taylor.

mained five days free from lien claims, one-third part of the vessel became the property of Taylor and Brown. By the payment and reception of the money, both parties admitted that there had been a compliance with the terms of the contract; and the sale was then completed, although no bill of sale was then made as the contract required. The payment and acceptance of the price of a vessel is sufficient to complete the sale between the seller and purchaser, without any bill of sale or other written instrument. *Ludwig* v. *Fuller*, 17 Maine, 162; *Lyman* v. *Redman*, 23 Maine, 289. Although the plaintiffs in the case of *Pearce* v. *Norton*, 1 Fair. 252, recovered for the value of the vessel, they were considered as holding the legal title by way of mortgage. The fact that Cox, on December 8, 1848, to obtain an enrollment of the vessel, made oath that he and Shuman were the sole owners, cannot alter the legal rights of the parties. It only proves that he was in error.

It is insisted that if they then became owners, they were mortgagees, not in possession in the character of mortgagees. No debt was due to them from Shuman and Cox, who were "at liberty to pay back the said sum of three thousand dollars," but were under no obligations to do so. The money was not loaned but paid for the purchase of property. Taylor and Brown could not therefore be regarded as mortgagees. The sale to them was conditional, liable to be defeated by performance of a condition subsequent. Thus holding the title of one-third of the vessel, they were liable as part owners for materials found and labor performed upon her after that time; and are therefore liable to pay the plaintiff.

*Defendants defaulted.*

WELLS, HOWARD, RICE and HATHAWAY, J. J., concurred.